IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PEGGY MULDERINK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **RSB ENTERPRISES, INC. d/b/a** | ) |
| **FRANKIE'S AUTO SALES,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, PEGGY MULDERINK, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her Complaint against Defendant, RSB ENTERPRISES, INC. d/b/a FRANKIE'S AUTO SALES, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and/or statutory damages for Defendant's violation of the Odometer Disclosure Requirements of the Motor Vehicle Information & Cost Savings Act, 49 U.S.C. §32701, et seq and for Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

### II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the Motor Vehicle Information & Cost Savings Act (hereinafter, "Odometer Act"), 49 U.S.C. §32701, et seq., and pursuant to 28 U.S.C. §§1331m, 1367 and 1337.

3. Jurisdiction arises under the Illinois Consumer Fraud and Deceptive Business pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

1

### III.  PARTIES

5. PEGGY MULDERINK, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tinley Park, County of Cook, State of Illinois.

6. Defendant, RSB ENTERPRISES, INC. d/b/a FRANKIE'S AUTO SALES, (hereinafter, "Defendant") is incorporated in the State of Illinois. Defendant is engaged in the sale and distribution of motor vehicles and related services in the State of Illinois.

### IV.  FACTUAL ALLEGATIONS

7. On or about November 5, 2010, Plaintiff agreed to purchase from Defendant and Defendant agreed to sell to Plaintiff a used 2008 Chevrolet HHR Wagon (hereinafter, "Wagon"). (See Retail Installment Contract attached hereto as **Exhibit A**).

8. On or about November 5, 2010, prior to the aforementioned sale, Defendant appointed its employees Scott Burgess and Joe Pepp (hereinafter, "Salesmen") to represent it in its dealings with Plaintiff.

9. Prior to or at the time of the sale, Salesmen made a number of representations to Plaintiff which misled and induced her to purchase the Wagon.

10. Prior to or at the time of the sale, Plaintiff informed Defendant that she was looking to purchase a vehicle.

11. Plaintiff specifically advised Defendant that she had concerns purchasing a vehicle if it came from the Dyer Auto Auction located in the State of Indiana.

12. Prior to the time of the sale, Plaintiff had heard that the Dyer Auto Auction had a bad reputation.

13. Prior to the time of the sale, Plaintiff had heard that the vehicles obtained from the Dyer Auto Auction had problems and/or issues.

14. Prior to the time of the sale, Plaintiff did not want to purchase a vehicle from the Dyer Auto Auction or from any other auction in the State of Indiana.

15. Due to Plaintiff's beliefs, as delineated above, Plaintiff advised Defendant that she did not want to purchase a vehicle from Defendant if it was purchased at auction in the State of Indiana.

16. Plaintiff informed Defendant that she would only purchase a vehicle acquired at auction if Defendant bought a vehicle at an auction in the State of Illinois.

17. Mr. Burgess informed Plaintiff that Defendant only purchased auction vehicles from auctions in the State of Illinois.

18. Upon information and belief, the aforementioned representation was false.

19. Upon information and belief, Defendant purchased auction vehicles from auctions in the State of Indiana.

20. Prior to or at the time of the sale, Defendant showed Plaintiff the Wagon.

21. Plaintiff then inquired where Defendant had purchased the Wagon.

22. Mr. Burgess informed Plaintiff that Defendant purchased the Wagon from an auction in the State of Illinois.

23. Salesmen's representations regarding the location from where Defendant purchased the Wagon were false.

24. Upon information and belief, Defendant purchased the Wagon from an auction in the State of Indiana.

25. Upon information and belief, Salesmen were aware that Defendant purchased the Wagon from an auction in the State of Indiana.

26. Salesmen, individually and as representatives of Defendant, omitted, suppressed, and concealed from the Plaintiff, the material fact that the Wagon was purchased from an auction in the State of Indiana with the intent that Plaintiff rely on the omission, suppression and concealment of the fact that the Wagon was purchased from an auction in the State of Indiana.

27. The fact that the Wagon was purchased at an auction in the State of Indiana was a material fact relative to Plaintiff's purchase of the Wagon as Plaintiff would not have agreed to purchase the Wagon if she had been informed of the true location from which the vehicle was purchased.

28. Prior to or at the time of the sale, Salesmen further discussed the condition of the Wagon with Plaintiff.

29. Defendant informed Plaintiff that the Wagon was in great condition and that the vehicle had low mileage.

30. Defendant represented that the Wagon's odometer showed a mileage of 20,480 miles. (See Odometer Disclosure Statement attached hereto as **Exhibit B**).

31. This representation further included that the Wagon's odometer indicated the actual mileage of the vehicle. (See **Exhibit B**).

32. Salesmen's representation regarding the fact that the odometer showed a mileage of 20,480 miles was false.

33. Salesmen's representation regarding the fact that the odometer indicated the actual mileage of the vehicle was false.

34. Salesmen, individually and as representatives of Defendant, omitted, suppressed, and concealed from the Plaintiff, the material fact that the Wagon's odometer did not indicate the actual mileage of the vehicle with the intent that Plaintiff rely on the omission, suppression and

4

concealment of the fact that the Wagon's odometer did not indicate the actual mileage of the vehicle

35. Had the Plaintiff been aware that Defendant's representations as set forth above were untrue, she would not have purchased the vehicle.

36. Upon information and belief, at the time of the sale of the Wagon to Plaintiff, Defendant was in possession of the title documents and/or other information evidencing that the Wagon's actual mileage was not 20,480 because the Wagon's odometer had been replaced.

37. Upon information and belief, at the time of the sale of the Wagon to Plaintiff, Defendant had inspected the Wagon and was aware that the Wagon's actual mileage was not 20,480 because the VIN number on the Wagon's odometer did not match the VIN number assigned to the Wagon.

38. Upon information and belief, at the time of the sale of the Wagon to Plaintiff, Defendant had inspected the Wagon and/or had documentation regarding the Wagon and was aware that the Wagon's odometer did not work properly because it had not been properly installed and/or programmed to work with the Wagon and that as a result the Wagon's actual mileage was not 20,480.

39. Upon information and belief, at the time of the sale of the Wagon to Plaintiff, Defendant had inspected and/or driven the Wagon and Defendant was aware that the Wagon's odometer was broken and/or did not display an increase in mileage when the Wagon was driven.

40. At the time that the aforementioned misrepresentations were made, Defendant was aware that the representations were false, or acted with reckless disregard as to the veracity of the representations, and exercised reckless indifference to the rights of Plaintiff by ignoring information already in its possession and by failing to investigate the accuracy of its statements.

41. Plaintiff exercised all due diligence and reasonably relied on Salesmen's and Defendant's representations.

42. On or about November 9, 2010, subsequent to Plaintiff having purchased the Wagon from Defendant, Plaintiff discovered that the Wagon's odometer was not functioning properly.

43. On or about November 9, 2010, Plaintiff brought the Wagon to Defendant's dealership to be inspected and/or repaired.

44. On or about November 10, 2010, upon information and belief, Defendant brought the Wagon to Schepel Buick GMC, Inc. in the City of Merrillville, State of Indiana (hereinafter "Schepel") to be inspected and/or repaired.

45. On or about November 11, 2010, Plaintiff was informed by Schepel that the VIN number on the Wagon's odometer did not match the Wagon's VIN number.

46. On or about November 11, 2010, Plaintiff was further informed by Schepel that the Wagon's odometer did not recognize an increase in miles because the Wagon's odometer was not properly installed and/or programmed to work with the Wagon.

47. On or about November 19, 2010, Schepel provided Plaintiff with a repair order and/or invoice relative to the Wagon.

48. The repair order stated, in part, "Odometer is not working. [I]nspected found BCM [body control module] has been replaced. VIN number in BCM does not match vehicle. [N]eeds new BCM."

49. On or about November 19, 2010, Plaintiff went to Defendant's dealership to obtain the Wagon.

50. On or about November 19, 2010, Defendant provided Plaintiff with a repair order and/or invoice from Defendant's dealership relative to the Wagon. (See Repair Order attached hereto as **Exhibit C**).

51. The repair order stated "Technician found faulty body control module installed. Technician replaced BCM and programmed to vehicle."

52. Given that the Wagon's odometer was faulty and/or was otherwise not working at the time Plaintiff purchased the Wagon, the Wagon's odometer, at the time Plaintiff purchased the vehicle, did not accurately reflect the number of miles on the vehicle.

53. The fact that the Wagon's odometer did not reflect the true mileage of the Wagon was a material fact relative to Plaintiff's purchase of the Wagon as Plaintiff would not have agreed to purchase the Wagon if she had been informed of the Wagon's true mileage.

54. Plaintiff suffered actual damages in reliance on Defendant's misrepresentations including:

    a. Purchase of an automobile which failed to conform to the basis of the bargain between the parties;

    b. Loss of all monies expended towards the purchase of the Wagon; and,

    c. Severe aggravation and inconvenience.

55. Defendant's actions were done maliciously and in willful, wanton, and reckless disregard for the rights of Plaintiff, thereby warranting substantial punitive damages.

**COUNT I: VIOLATION OF THE ODOMETER DISCLOSURE REQUIREMENTS OF MOTOR VEHICLE INFORMATION & COST SAVINGS ACT**

56. Plaintiff re-alleges paragraphs 1-55 and incorporates same by reference as though fully set forth herein.

57. Defendant's actions as stated above constitute a violation of the Odometer Disclosure Requirements of Motor Vehicle Information & Cost Savings Act (hereinafter, "Odometer Act"), 49 U.S.C. §32701, et seq.;

WHEREFORE, Plaintiff requests that this Court:

a. Enter judgment against Defendant for all actual, statutory, and punitive damages to which Plaintiff is entitled;

b. Award attorneys fees, expenses of litigation and costs; and,

c. Grant other relief deemed just.

## COUNT II: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

58. Plaintiff re-alleges paragraphs 1-57.

59. Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

60. Plaintiff's act of purchasing an automobile from Defendant is akin to all consumers' actions and thus concerns all consumers.

61. Defendant's misrepresentations and/or failure to disclose the true condition and history of the Wagon involve consumer protection concerns as Defendant holds itself out to be a place of business where consumers can come to purchase automobiles and other related services.

62. The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged to be fraudulent in the present Complaint.

63. Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiff requests that the court:

  a.  Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

  b.  Award attorneys' fees, litigation expenses and costs, and

  c.  Grant other relief deemed just and appropriate.

                Respectfully submitted,
                **PEGGY MULDERINK**

            By:  s/ David M. Marco
                Attorney for Plaintiff

Dated: December 15, 2010

David M. Marco (Atty. No.: 6273315 IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithlaw.us

9