**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PEGGY MULDERINK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 10 C 7978 |
| ) | |
| **RSB ENTERPRISES, INC., d/b/a** ) | |
| **FRANKIE'S AUTO SALES,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In mid-December 2010, Peggy Mulderink sued RSB Enterprises, Inc., which does business as Frankie's Auto Sales. The lawsuit arose from Mulderink's purchase of an automobile from Frankie's on November 5, 2010. She alleged violations of the federal Motor Vehicle Information & Cost Savings Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. Frankie's initially defended the case in court and initially participated in the process of discovery but then, in May 2011, moved to compel arbitration pursuant to a document that Mulderink had signed when she purchased the automobile. Mulderink argued that Frankie's had waived any right to arbitrate by its conduct in the litigation. It was a close case on the waiver issue, but the Court ruled on July 6, 2011 that Frankie's was entitled to arbitration of the dispute.

Mulderink now seeks reinstatement of her lawsuit. She argues that Frankie's

has waived any right to arbitrate by its actions following the Court's July 2011 order.

Frankie's argues initially that the Court lacks jurisdiction to adjudicate the motion to reinstate, because it is merely a contractual dispute and diversity of citizenship is lacking. This is a red herring. Mulderink has asserted a federal statutory claim, and that is the basis for federal jurisdiction over her case. The Court unquestionably had, and has, the authority to determine whether that dispute is appropriately litigated in court or instead before an arbitrator. The fact that the current dispute involves a question of contract law does not mean the Court lacks the authority to decide it. Indeed, Frankie's itself previously asked the Court to decide whether its contract entitled it to arbitration of the dispute, which is exactly the issue the Court is now revisiting.

"A party may waive a contractual right to arbitrate expressly or implicitly." *Halim v. Great Gatsby's Auction Gallery*, 516 F.3d 557, 562 (7th Cir. 2008) (citation omitted). To determine whether a party has waived arbitration, courts "examine the totality of the circumstances and determine whether . . . the party . . . has acted inconsistently with the right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (internal citation omitted). Among other things, "lengthy delay can lead to an implicit waiver of arbitration." *Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) (citation omitted).

The document that the Court previously ruled called for arbitration of Mulderink's claims is a one-page document entitled "Arbitration Agreement." Mot. to Reinstate, Ex. A. It is undisputed that this is a form that was provided by Frankie's when Mulderink purchased the automobile. The document includes a space at the bottom for the

designated arbitration organization. It states, "[i]f none listed, the Arbitration Organization is the Better Business Bureau." *Id.* No organization was listed, and as a result the agreement provided for arbitration by the BBB.

After the Court found that Mulderink's claims were covered by the arbitration agreement, Mulderink promptly dutifully took steps to initiate arbitration before the BBB. After a September 2011 hearing date was set, Frankie's balked, saying – despite the terms of the agreement that it had drafted – that it would agree to arbitrate only before the American Arbitration Association, not the BBB. Mulderink agreed to do that. There was disagreement over who would pay the arbitration fees, but the bottom line is that Mulderink continued to pursue getting the matter before the AAA so that a hearing could be scheduled. Frankie's, by contrast, stalled. After Mulderink's counsel filled out the necessary AAA form and sent it to Frankie's counsel for signature, Frankie's counsel – whose actions are attributable to Frankie's – sat on it and did nothing, despite multiple follow-up inquiries by Mulderink. Indeed, Frankie's did not execute the AAA claim form until after Mulderink – having waited long enough – filed the present motion to reinstate. And even then, Frankie's did not execute the form until literally the eve of the initial hearing before this Court on Mulderink's motion.

Though it is entirely legitimate for a contracting party to prefer arbitration to litigation, using a contractual right to arbitration as a means of evading adjudication of a dispute is something else altogether. It is quite clear at this point that Frankie's has used the arbitration agreement as a stall tactic, the litigation equivalent of the four corners offense often used in college basketball before the NCAA adopted the shot clock in 1985. *See* [http://en.wikipedia.org/wiki/Four_corners_offense](http://en.wikipedia.org/wiki/Four_corners_offense) (last visited Apr.

10, 2012). Frankie's first played along with Mulderink's effort to schedule an arbitration before the BBB, the forum that Frankie's itself had chosen, only to pull the rug out from under this effort. After insisting that it would arbitrate only before the AAA, Frankie's continued to delay, studiously ignoring Mulderink's entreaties to initiate arbitration before the AAA, even though this was (again) a forum that Frankie's had chosen. Frankie's did nothing meaningful to cooperating in the arbitration process until it after it had been called onto the carpet in court.

The circumstances demonstrate beyond peradventure that Frankie's has acted inconsistently with the right to arbitrate. Its belated execution of the arbitration claim form on the eve of the hearing on Mulderink's motion to reinstate came far too late in the day. Frankie's very likely waived its right to insist on compliance with the contractual arbitration provision when it expressly disavowed the contract by refusing to proceed before the BBB, the contractually-designated forum. Even if that is not the case, however, Frankie's waived its contractual right by its continued delay and refusal to cooperate, long before its belated, point-of-a-sword conversion.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion to reinstate [dkt. no. 23]. Counsel should come to court today prepared to set a discovery schedule and a trial date.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 11, 2012