**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PEGGY MULDERINK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10 C 7978** |
| | ) | |
| **RSB ENTERPRISES, INC.** | ) | |
| **d/b/a Frankie's Auto Sales,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

In November 2010, plaintiff Peggy Mulderink purchased a used Chevrolet automobile from defendant RSB Enterprises, Inc., which does business as Frankie's Auto Sales. She has sued RSB, alleging that it violated the federal Odometer Act and the Illinois Consumer Fraud Act in connection with the sale. The Court concluded in July 2011 that RSB was entitled to have the dispute submitted to arbitration but later found, on a motion by Mulderink, that RSB had waived its right to arbitrate by its conduct after the July 2011 order. *See Mulderink v. RSB Enters., Inc.*, No. 10 C 7978, 2012 WL 1205728 (N.D. Ill. Apr. 11, 2012).

Mulderink has moved for entry of summary judgment in her favor on the issue of liability. The Court therefore views the evidence in the light most favorable to RSB, drawing reasonable inferences in its favor. *See, e.g., Kuhn v. Goodlow*, 678 F.3d 552, 555 (7th Cir. 2012).

In June 2012, the Court ruled that RSB was deemed to have admitted each of

the matters set forth in Mulderink's requests to admit due to its failure to respond to them. This means that RSB has admitted the following matters, which the Court takes from the requests, paraphrasing for the sake of clarity:[1]

- RSB agreed to sell to Mulderink the Chevy around November 5, 2010.

- Before selling Mulderink the Chevy, it inspected and appraised it and performed a safety inspection. The Chevy was in need of repairs, but RSB did not tell Mulderink this.

- Mulderink had told RSB that she did not want to buy a vehicle that RSB had acquired from the Dyer, Indiana auto auction or any Indiana auction. RSB purchased the Chevy from the Dyer auction but told Mulderink that it had purchased the car from an Illinois auction and not from the Dyer auction.

- The Chevy was driven from the Dyer auction to the place where RSB delivered it to Mulderink. Its odometer, however, showed the same mileage both before and after this trip.

- At the time of the sale, RSB told Mulderink that the Chevy had 20,480 miles on it, but it actually had more than that, and RSB did not know whether this was the actual mileage.

- Prior to RSB's sale of the Chevy to Mulderink, its odometer had been replaced, and the replacement was not working properly. The vehicle identification number (VIN) of the odometer did not match that of the Chevy. RSB was aware that the odometer was not working. However, no one from RSB

---

[1] There are additional admissions, but they are not directly pertinent to the present motion.

told Mulderink that the odometer was not working or that it had been replaced.

-       The Chevy's body control module (which controls a motor vehicle's electronic accessories) was inoperable, and RSB knew this.  However, none of the documentation given to Mulderink indicated this, nor did anyone from RSB tell Mulderink this.

## 1.      Odometer Act claim

The Odometer Act requires a person transferring ownership of a motor vehicle to give the transferee a written disclosure of the mileage registered on the odometer.  The Act also requires the transferor to disclose "that the actual mileage is unknown," if the transferor knows the odometer reading is different from the vehicle's actual mileage.  49 U.S.C. § 32705(a).  To put it another way, the statute requires a transferor "either to disclose the [vehicle's] true mileage or confess inability to determine that mileage . . . ." *Perez v. Z Frank Oldsmobile, Inc.*, 223 F.3d 617, 619-20 (7th Cir. 2000).  A transferor that violates the Act with intent to defraud is liable for three times the transferee's actual damages or $1,500, whichever is greater.  49 U.S.C. § 32710(a); *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 805-06 (7th Cir. 1988).  *See also Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 711-12 (7th Cir. 2005).

The primary question for the Court is whether RSB's conduct, as established by its admissions, adds up to intent to defraud.  No Seventh Circuit case provides a definitive definition of this term, though the court has suggested that the plaintiff must prove that the defendant "knew or suspected" that its mileage disclosure was inaccurate.  *See Diersen v. Chicago Car Exchange*, 110 F.3d 481, 488 (7th Cir. 1997).

What is clear that simple negligence – the failure to exercise reasonable care – is insufficient. *See Jones*, 848 F.2d at 806; *Diersen*, 110 F.3d at 488.

The Court need not at this juncture determine definitively what the standard is for proving intent to defraud under the Odometer Act. The reason is that the record, viewed in the light most favorably to RSB as the law requires at this stage, does not *require* an inference of intentional, knowing or reckless deception. This certainly would be a permissible inference, and it may even be the most likely inference, but RSB is entitled to have reasonable inferences drawn in its favor, and a fact finder reasonably could infer that its conduct was merely negligent. For this reason, Mulderink is not entitled to summary judgment on her Odometer Act claim.

## 2. Consumer Fraud Act claim

Mulderink also asserts a claim under the Illinois Consumer Fraud Act. She appears to base this claim both on the inaccurate odometer disclosure and on other misrepresentations and nondisclosures, in particular, the failure to disclose the problem with the Chevy's body control module and the misrepresentation regarding whether RSB had purchased the vehicle. *See* Compl. ¶¶ 59 & 63 (alleging that "[d]efendant's actions as detailed above" constitution a violation of the Consumer Fraud Act.).

Liability under the Consumer Fraud Act, in this situation, requires the plaintiff to show that the defendant made a misrepresentation of or concealed a material fact in the course of a trade or business, intending to induce the plaintiff to rely on the deception, proximately causing the plaintiff actual damage. *See, e.g., Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149, 776 N.E.2d 151, 160 (2002); *Capicionni v. Brennan*

4

*Naperville, Inc.*, 339 Ill. App. 3d 927, 933, 729 N.E.2d 553, 558 (2003). Even though intent to induce reliance is required, intent to deceive is not. *Capicionni*, 339 Ill. App. 3d at 933, 729 N.E.2d at 558.

The facts that RSB has admitted establish that it knew that Mulderink did not want a vehicle purchased from the Dyer auction; RSB knew it had purchased the Chevy from the Dyer auction; but it told Mulderink that it had purchased the vehicle from an Illinois auction. Those facts establish, first of all, that RSB made a misrepresentation to Mulderink about where it had purchased the Chevy. In addition, the only reasonable inference from these facts, given RSB's knowledge that Mulderink did not want a Dyer auction vehicle, is that RSB intended for her to rely on its misrepresentation. No reasonable fact finder could draw a contrary inference.

The Court reaches a different conclusion, however, regarding the two other matters allegedly misrepresented or concealed: the odometer problems and the inoperative body control module. An intent to induce reliance on these representations or nondisclosures would be a permissible inference from the facts established by the record, and it may be the most likely inference. For summary judgment purposes, however, the Court must draw reasonable inferences in RSB's favor. The Court concludes that a reasonable fact finder could determine based on the matters of record that RSB did not intend for Mulderink to rely on these particular deceptions.

Because it appears that Mulderink's claim is based on all three alleged misrepresentations / nondisclosure, she is not entitled to summary judgment on the issue of liability on the claim in its entirety. She is, however, entitled to a finding that RSB misrepresented where it purchased the vehicle and intended for her to rely on that

5

misrepresentation. *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case.").

### Conclusion

For the reasons stated above, the Court denies plaintiff's motion for summary judgment [docket no. 35] but makes the findings described above regarding the Consumer Fraud Act claim (Count 2 of the complaint). The case remains set for a status hearing today.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 2, 2012